**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Frank Theatres Blacksburg LLC** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **38-3932964** |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| | **c/o Christopher Lang, Chief Restructuring Officer 8750 N. Central Expressway Dallas, TX 75231** |
| **1614 South Main Street Blacksburg, VA 24060** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Montgomery** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5.    Debtor's website** (URL)    **http://franktheatres.com**

**6.    Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Frank Theatres Blacksburg LLC**                    Case number (*if known*) _____
          Name

---

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
<u>  5121  </u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Rider 1 attached hereto** | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

---

Debtor    **Frank Theatres Blacksburg LLC**                                    Case number (*if known*) _____
         Name

---

**11. Why is the case filed in**    *Check all that apply:*
**this district?**

� Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or**    ☐ No
**have possession of any**
**real property or personal**    ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**
**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

          Contact name _____

          Phone _____

---

███    **Statistical and administrative information**

**13. Debtor's estimation of**    .    *Check one:*
**available funds**

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of**    ☐ 1-49              ☐ 1,000-5,000       ☐ 25,001-50,000
**creditors**                 ☐ 50-99             ☐ 5001-10,000       ☐ 50,001-100,000
                              ☐ 100-199           ☐ 10,001-25,000     ☐ More than100,000
                              ☐ 200-999

---

**15. Estimated Assets**    ☐ $0 - $50,000                  ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
                           ☐ $50,001 - $100,000            ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
                           ☐ $100,001 - $500,000           ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
                           ☐ $500,001 - $1 million         ☐ $100,000,001 - $500 million    ☐ More than $50 billion

---

**16. Estimated liabilities**    ☐ $0 - $50,000                  ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
                                ☐ $50,001 - $100,000            ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
                                ☐ $100,001 - $500,000           ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
                                ☐ $500,001 - $1 million         ☐ $100,000,001 - $500 million    ☐ More than $50 billion

---

| Debtor | **Frank Theatres Blacksburg LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 19, 2018**
MM / DD / YYYY

**X** **/s/ Christopher Lang**                     **Christopher Lang**
Signature of authorized representative of debtor          Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X** **/s/ Kenneth A. Rosen**                     Date **December 19, 2018**
Signature of attorney for debtor                      MM / DD / YYYY

**Kenneth A. Rosen**
Printed name

**Lowenstein Sandler LLP**
Firm name

**One Lowenstein Drive**
**Roseland, NJ 07068**
Number, Street, City, State & ZIP Code

Contact phone   **973.597.2500**    Email address   **krosen@lowenstein.com**

**02160-1979 NJ**
Bar number and State

## RIDER 1

## LIST OF DEBTORS

On December 19, 2018, each of the affiliated entities listed below (the "Debtors") filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Frank Theatres Bayonne/South Cove, LLC.

Frank Theatres Bayonne/South Cove, LLC
Frank Entertainment Group, LLC
Frank Management LLC
Frank Theatres, LLC
Frank All Star Theatres, LLC
Frank Theatres Blacksburg LLC
Frank Theatres Delray, LLC
Frank Theatres Kingsport LLC
Frank Theatres Montgomeryville, LLC
Frank Theatres Parkside Town Commons LLC
Frank Theatres Rio, LLC
Frank Theatres Towne, LLC
Frank Theatres York, LLC
Frank Theatres Mt. Airy, LLC
Frank Theatres Southern Pines, LLC
Frank Theatres Sanford, LLC
Frank Theatres Shallotte, LLC
Revolutions at City Place LLC
Revolutions of Saucon Valley LLC
Frank Entertainment Rock Hill LLC
Frank Entertainment PSL, LLC
Frank Hospitality Saucon Valley LLC
Frank Hospitality York LLC
Galleria Cinema, LLC

Fill in this information to identify the case:

Debtor name    **Frank Theatres Blacksburg LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEW JERSEY

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **List of Equity Security Holders and Statement of Corporate Ownership**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 19, 2018**    X /s/ Christopher Lang
                                         Signature of individual signing on behalf of debtor

                                         **Christopher Lang**
                                         Printed name

                                         **Chief Restructuring Officer**
                                         Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor Name: **Frank Theatres Bayonne/South Cove, LLC,** *et al.*
United States Bankruptcy Court for the: **District of New Jersey**

☐  **Check if this is an Amended filing**

CASE NUMBER (if known):

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Holding 30 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes.[1] Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Kite Realty Group, LP PO Box 743806 Atlanta, GA 30374 | Kite Realty Group, LP Attn: Dave Buell 30 S. Meridian Street Suite 1100 Indianapolis, IN 46204 Telephone: 317-713-5647 | Landlord | CUD | | | $801,765.12 |
| Moss Adams LLP 8750 N Central Expwy Dallas, TX 75231 | Moss Adams LLP Attn: Christopher Lang 8750 N Central Expwy Dallas, TX 75231 Telephone: 469-453-7199 | Professional Fees | | | | $288,463.53 |
| Paragon Management, LLC 2461 Hillsboro Blvd. Deerfield Beach, FL 33442 | Paragon Management, LLC Attn: Mike Whalen 2461 Hillsboro Blvd. Deerfield Beach, FL 33442 Telephone: 954-320-7112 Ext.. 2525 | Professional Fees | | | | $284,008.29 |

---

[1] The information contained herein shall not constitute an admission of liability by, nor shall it be binding on, the Debtor.  The information contained herein, including the failure by the Debtor to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtor's right to contest the validity, priority or amount of any claim.  Additionally, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the "Consolidated List of Creditors Holding 30 Largest Unsecured Claims" have been completed.  Therefore, the listing does not and should not be deemed to constitute: (1) waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

Debtor    **Frank Theatres Bayonne/South Cove, LLC, *et al.*** _____

Case Number (if known) _____

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| JTL Rock Hill, LLC 8201 Preston Road Suite 700 Dallas, TX 75225 | JTL Rock Hill, LLC Attn: Anita Clark 8201 Preston Road Suite 700 Dallas, TX 75225 Telephone: 803-324-1711 | Landlord | CUD | | | $157,200.00 |
| IMAX Corporation 2525 Speakman Dr. Mississauga, Ontario, Canada, L5K 1B1 | IMAX Corporation 2525 Speakman Dr. Mississauga, Ontario, Canada, L5K 1B1 Telephone: 905-403-6500 | Trade debt | | | | $150,981.70 |
| Staples Credit Plan PO BOX405386 Atlanta, GA 30384-5386 | Staples Credit Plan 500 Staples Drive Framingham, MA 01702 Telephone: 800-767-1291 | Trade debt | | | | $115,590.35 |
| First Run LLC 350 N. LaSalle Drive Suite 1100 Chicago, IL 60654 | First Run LLC 350 N. LaSalle Drive Suite 1100 Chicago, IL 60654 Telephone | Landlord | CUD | | | $107,430.79 |
| Frank Investments, Inc. 1003 W. Indiantown Road Suite 210 Jupiter, FL 33458 | Frank Investments, Inc. 1003 W. Indiantown Road Suite 210 Jupiter, FL 33458 Telephone. | Landlord | CUD | | | $96,375.11 |
| Roadside Attractions 7920 Sunset Blvd. Suite 402 Los Angeles, CA 90046 | Roadside Attractions Attn: Eddie Dotson 7920 Sunset Blvd. Suite 402 Los Angeles, CA 90046 Telephone: 323.882.8490 | Trade debt | | | | $90,912.58 |
| Deluxe Echostar LLC P.O. BOX 88042 Chicago, IL 60680-1042 | Deluxe Echostar LLC 2400 W. Empire Avenue Suite 200 Burbank, CA 91504 Telephone: 800-328-0304 | Trade debt | | | | $89,511.30 |
| Sysco of South East Florida 1999 Martin Luther King Blvd. Riviera Beach, FL 33404 | Sysco of South East Florida 1999 Martin Luther King Blvd. Riviera Beach, FL 33404 Telephone: 561- 881-8031 | Trade debt | | | | $88,631.02 |
| Bonita Marie International 1960 Rutgers University Blvd. Box 2015 Lakewood, NJ 08701 | Bonita Marie International 1960 Rutgers University Blvd. Lakewood, NJ 08701 Telephone: 732-363-0212 | Trade debt | | | | $66,976.77 |

Debtor    **Frank Theatres Bayonne/South Cove, LLC, _et al._**     Case Number (if known)      _____

       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Entertainment Supply & Technologies, LLC 3820 Northdale Blvd. # 308B Tampa, FL 33624 | Entertainment Supply & Technologies, LLC 3820 Northdale Blvd. # 308B Tampa, FL 33624 Telephone: 813-960-1646 | Trade debt | | | | $65,621.68 |
| Entertainment Studios Motion Pictures, LLC 1925 Century Park East 10th Floor, Los Angeles, CA 90067 | Entertainment Studios Motion Pictures, LLC Attn: Griselda Gonzales 1925 Century Park East 10th Floor, Los Angeles, CA 90067 Telephone: 310-277.3500 | Trade debt | | | | $64,408.65 |
| Blacksburg APF Partners LLC 226 Wexler Street Suite 200 Kingsport, TN 37600 | Blacksburg APF Partners LLC 226 Wexler Street Suite 200 Kingsport, TN 37600 | Landlord | CUD | | | $62,646.67 |
| Dorsey Whitney LLP 300 Crescent Court Suite 400 Dallas, TX 75201 | Dorsey Whitney LLP 300 Crescent Court Suite 400 Dallas, TX 75201 Telephone | Professional Fees | | | | $57,470.72 |
| Cinema Scene Marketing 9200 Indian Creek Pkwy # 200 Overland Park, KS 66210 | Cinema Scene Marketing 9200 Indian Creek Pkwy # 200 Overland Park, KS 66210 Telephone: 913-825-0574 | Trade debt | | | | $53,671.12 |
| Vistar Corporation 1700 Avenue B Kissimmee, FL 34758 | Vistar Corporation 1700 Avenue B Kissimmee, FL 34758 | Trade debt | | | | $51,366.12 |
| S V Media Works, LLC 40875 Hayrake Place Aldie, VA 20105 | S V Media Works, LLC 40875 Hayrake Place Aldie, VA 20105 | Trade debt | | | | $51,163.65 |
| 20th Century Fox Film Corp. 5799 Collection Center Drive Chicago, IL 60693 | 20th Century Fox Film Corp. 5799 Collection Center Drive Chicago, IL 60693 | Trade debt | | | | $48,960.37 |
| The Weinstein Company, LLC Dept. CH 17365 Palatine, IL 60055-7365 | The Weinstein Company, LLC 345 Hudson Street, 13th Floor New York, NY 10014 | Trade debt | | | | $48,074.63 |
| Saucon Valley Square Condo Association 1208 Route 34, Suite 19 Aberdeen, NJ 07747 | Saucon Valley Square Condo Association 1208 Route 34, Suite 19 Aberdeen, NJ 07747 | Landlord | CUD | | | $41,949.94 |
| The ICEE Company PO BOX 515723, Los Angeles, CA 90051-5203 | The ICEE Company 1205 S. DuPont Avenue Ontario, CA 91761-7817 Telephone: 818-727-0369 | Trade debt | | | | $40,392.94 |

Debtor    __Frank Theatres Bayonne/South Cove, LLC, *et al.*__                    Case Number (if known)    _____
               Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| A24 Films LLC 31 W. 27th St., 11th floor New York, NY 10001 | A24 Films LLC 31 W. 27th St., 11th floor New York, NY 10001 Telephone: | Trade debt | | | | $40,392.94 |
| Card Services PO BOX 13337 Philadelphia, PA 19101-3337 | Card Services Express Mail Remittance Processing 20500 Belshaw Avenue Carson, CA 90746 | Trade debt | | | | $36,290.69 |
| Direct TV 1025 Lenox Park Blvd. Atlanta, GA 30319 | Direct TV 1025 Lenox Park Blvd. Atlanta, GA 30319 | Trade debt | | | | $35,049.32 |
| Water Tower Square Associates 350 Sentry Parkway Building 630, Suite 300 Blue Bell, PA 19422 | Water Tower Square Associates 350 Sentry Parkway Building 630, Suite 300 Blue Bell, PA 19422 | Trade debt | | | | $33,184.14 |
| Visa Entertainment Solutions US Ltd. 6300 Wilshire Blvd. Suite 940 Los Angeles, CA 90048 | Visa Entertainment Solutions US Ltd. 6300 Wilshire Blvd. Suite 940 Los Angeles, CA 90048 | Trade debt | | | | $30,637.31 |
| Sidley Austin LLP 2201 McKinney Avenue #2000 Dallas, TX 75201 | Sidley Austin LLP 2201 McKinney Avenue #2000 Dallas, TX 75201 | Professional Fees | | | | $30,404.25 |
| Betson Enterprises 303 Paterson Plank Road Carlstadt, NJ 07072-2307 | Betson Enterprises 303 Paterson Plank Road Carlstadt, NJ 07072-2307 | Trade debt | | | | $28,187.60 |

## United States Bankruptcy Court
### District of New Jersey

In re   **Frank Theatres Blacksburg LLC**             Case No. _____

Debtor(s)          Chapter    **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Frank Entertainment Group, LLC** | | | **100% of equity interests** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

     I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **December 19, 2018** _____      Signature   **/s/ Christopher Lang** _____

                                                      **Christopher Lang**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of New Jersey

In re    **Frank Theatres Blacksburg LLC** _____

                                       Debtor(s)

Case No. _____

Chapter    **11** _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Frank Theatres Blacksburg LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**December 19, 2018** _____

Date

**/s/ Kenneth A. Rosen**

**Kenneth A. Rosen**

Signature of Attorney or Litigant

Counsel for   **Frank Theatres Blacksburg LLC** _____

**Lowenstein Sandler LLP**
**One Lowenstein Drive**
**Roseland, NJ 07068**
**973.597.2500 Fax:973.597.2400**
**krosen@lowenstein.com**

**ACTION BY WRITTEN CONSENT**
**OF THE**
**BOARD OF MANAGERS**
**AND**
**REQUISITE MEMBERS**
**OF**
**FRANK ENTERTAINMENT GROUP, LLC**

**Dated: December 19, 2018**

The undersigned, being a member of the Board of Managers (the "Board") and the holders of all of the outstanding Redeemable Preferred Units (as defined in the Parent LLC Agreement (defined below)) (the "Requisite Members"), as applicable, of Frank Entertainment Group, LLC, a Delaware limited liability company (the "Parent"), acting by written consent pursuant to the Delaware Limited Liability Company Act, as amended from time to time, and the Fourth Amended and Restated Limited Liability Company Agreement of the Parent, dated as of September 15, 2017 (as amended, amended and restated, or otherwise modified from time to time, the "Parent LLC Agreement"; capitalized terms used herein and not otherwise defined having the meanings ascribed to such terms in the Parent LLC Agreement), do hereby consent to, adopt and approve of the following resolutions, with the same effect as if such resolutions were approved and adopted at a duly constituted meeting of the Board and the Requisite Members of the Parent, as applicable:

**WHEREAS**, the Parent is the sole member of each of the limited liability companies set forth on Annex 1 attached hereto (each a "Company" and together, collectively, the "Companies");

**WHEREAS**, each Company is a business entity that provides entertainment by operating a movie theatre and conducting such other business activities may be determined by the Parent from time to time;

**WHEREAS**, pursuant to the limited liability agreement of each Company, as amended, amended and restated, or otherwise modified from time to time, (i) the day-to-day management of each Company and its business and affairs, and the exercise of powers of each Company, are vested solely in the Parent and (ii) the Parent may act on behalf of each Company with the approval of the Board (at a duly convened meeting or by written consent of the Board);

**WHEREAS**, pursuant to the Parent LLC Agreement, (i) any actions of the Board or any may be taken by written consent (without a meeting, without notice and without a vote) so long as such consent is signed by at least the Managers holding the number of votes that would be necessary to authorize or take such action at a meeting of the Board in which all Managers then serving on the Board were present; provided that the Seacoast Preferred Manager and the EHH Preferred Manager (if members of the Board at such time) must execute any written consent for it to be valid and (ii) each Manager shall have one (1) vote on all matters submitted to the Board (whether the consideration of such matter is taken at a meeting, by written consent or otherwise);

<u>provided</u> that if at any time there is a vacancy on the Board with respect to the EHH Preferred Manager or the Seacoast Preferred Manager, the Seacoast Preferred Manager or EHH Preferred Manager, as applicable, shall have two (2) votes on all matters submitted to the Board;

**WHEREAS**, as of the date hereof, (i) the undersigned Manager, David J. Mack, has been appointed as the EHH Preferred Manager (which appointment, for the avoidance of doubt, became effective prior to the effectiveness of these resolutions) and (ii) following the resignation of Timothy Fay as Seacoast Preferred Manager effective as of the date hereof  (which resignation, for the avoidance of doubt, became effective prior to the effectiveness of these resolutions), there is a vacancy on the Board with respect to the Seacoast Preferred Manager, and, as a result, David J. Mack holds the number of votes that would be necessary to authorize or take any action at a meeting of the Board in which all Managers then serving on the Board were present;

**WHEREAS**, pursuant to <u>Section 5.1(d)</u> of the Parent LLC Agreement, without the prior written consent or waiver of the holders of at least 66 2/3% of the outstanding Redeemable Preferred Units, the Parent shall not take, and shall cause each of its Subsidiaries (including each Company) to refrain from taking, certain actions, including, but not limited to (i) delegating to any Person the power to exercise all or any material portion of the authority or duties of the Board or a board of directors or board of managers or similar governing body of any Subsidiary of the Parent (including each Company), (ii) filing a voluntary bankruptcy or similar proceeding or fail to contest any bankruptcy or similar proceeding filed against the Parent or any of its Subsidiaries (including each Company), (iii) borrow money or enter into any agreement to borrow money in excess of $500,000 or any amendment, supplement, extension, modification or similar agreement with respect to Indebtedness, (iv) become subject to any agreement or instrument which by its terms would (under any circumstances) restrict (A) the right of the Parent or any of its Subsidiaries (including each Company) to make loans, advances or Distributions or pay dividends to, transfer property to, or repay any Indebtedness owed to, the Parent or any Subsidiary (including each Company) or any holders of Units or other Equity Securities of the Parent or any Subsidiary (including each Company) or (B) the Parent's right to perform the provisions of the Parent LLC Agreement (including provisions relating to the declaration and payment of dividends on and the making of redemptions of, and Distributions on, Equity Securities), other than the Senior Debt; and

**WHEREAS**, the undersigned Requisite Members, being the holders of all of the outstanding Redeemable Preferred Units, each desires to provide its written consent to the resolutions set forth below and the actions, transactions and agreements contemplated or reasonably implied thereby (by or on behalf of the Parent and each Company) for all purposes under the Parent LLC Agreement (including, without limitation, for purposes of <u>Section 5.1(d)</u> thereof).

**WHEREAS**, the Board has reviewed and considered the assets, liabilities and liquidity of the Parent and the Companies, the strategic alternatives available to the Parent and the Companies, the value of the Parent, the Companies and their respective affiliates, and the impact of the foregoing on the Parent's and the Companies' business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors to Parent and the Companies (as applicable) and fully consider each of the strategic alternatives available to Parent and the Companies;

**WHEREAS**, the Board deems it advisable and in the best interest of Parent, each Company and their respective creditors, interest holders, and other parties in interest, to consent to and adopt, in the name and on behalf of Parent and each Company, the resolutions set forth below.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that each of David J. Mack (in his capacity as Manager of the Parent), Christopher Lang and any other duly appointed or elected officer of the Parent at any time in office, acting alone (individually, each an "Authorized Officer" and collectively, the "Authorized Officers"), are hereby authorized and empowered, in the name and on behalf of the Parent or each Company, as applicable, with the assistance of their respective counsel, accountants and advisers, as applicable, to (i) prepare, execute and file with the appropriate court a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing a chapter 11 case (the "Chapter 11 Case") and (ii) take such other and further actions and steps as the Authorized Officers may deem necessary, appropriate or advisable to obtain for the Parent or each Company, as applicable, any and all relief to which they are or may be entitled under chapter 11 of the Bankruptcy Code; and be it further

**RESOLVED**, that the Authorized Officers are, and any one of them acting alone is, hereby authorized to execute and file on behalf of the behalf of the Parent or each Company, as applicable, all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Parent's and each Company's business; and be it further

**RESOLVED**, that the Authorized Officers are, and any one of them acting alone is, hereby authorized and directed to retain and employ, in the name and on behalf of the Parent or each Company, as applicable, the law firm of Lowenstein Sandler LLP as legal counsel to the Parent or each Company, as applicable, in connection with its existing financial arrangements and capitalization, to represent and assist the Parent or each Company, as applicable, in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the Parent's and each Company's rights, including, but not limited to, filing any pleadings, representing the Parent or each Company, as applicable, in obtaining financing and representing the Parent or each Company in connection with a restructuring support agreement and plan of reorganization and disclosure statement or otherwise; and in connection therewith, the Authorized Officers, with power of delegation, are, and any one of them acting alone is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Lowenstein Sandler LLP; and be it further

**RESOLVED**, that the Authorized Officers are, and any one of them acting alone is, hereby authorized and directed to employ, in the name and on behalf of the Parent or each Company, as applicable, Moss Adams LLP ("Moss") as financial advisor to the Parent or each Company, as applicable, in connection with its existing financial arrangements and capitalization, to represent and assist the Parent or each Company, as applicable, in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the Parent's and each Company's rights; and in connection therewith, the Authorized Officers, with power of delegation, are, and any one of them acting alone is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Moss; and be it further

**RESOLVED**, that the Authorized Officers are, and any one of them acting alone is, hereby authorized and directed to retain and employ, in the name and on behalf of the Parent or each Company, as applicable, Paragon Entertainment Holdings, LLC (or another comparable entity, in the judgment of such Authorized Officer) as a consultant or advisor to the Parent or each Company, as applicable, in connection with its operational duties; and be it further

**RESOLVED**, that the Authorized Officers are, and any one of them acting alone is, hereby authorized and directed to employ, in the name and on behalf of the Parent or each Company, as applicable, Prime Clerk LLC (or another comparable entity, in the judgment of such Authorized Officer) as claims, noticing and balloting agent to the Parent or each Company, as applicable, in connection with their respective existing financial arrangements and capitalization, to represent and assist the Parent or each Company, as applicable, in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the Parent's or each Company's respective rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are, and any one of them acting alone is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC (or another comparable entity, in the judgment of such Authorized Officer); and be it further

**RESOLVED**, that the Authorized Officers are, and any one of them acting alone is, hereby authorized and empowered to employ, in the name and on behalf of the Parent or each Company, as applicable, any other professionals to assist the Parent or each Company, as applicable, in connection with its existing financial arrangements and capitalization, including to represent and assist the Parent or each Company, as applicable, in carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are, and any one of them acting alone is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

**RESOLVED**, that in connection with the Chapter 11 Case, the Authorized Officers are, and any one of them acting alone is, hereby authorized and empowered, in the name and on behalf of the Parent or each Company, as applicable, to obtain the use of cash collateral and to continue the process of obtaining debtor in possession financing, including the granting of liens

on or security interests in the Parent's and each Company's assets (including but not limited to real property assets) as may be contemplated by or required under the terms of such debtor in possession financing; and in connection therewith, each Authorized Officer, with power of delegation, are, and any one of them acting alone is, hereby authorized and directed to execute such cash collateral agreements and any related ancillary documents or agreements, in each case, as in each Authorized Officer's judgment is reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the execution thereof by such Authorized Officer to be conclusive evidence of such determination; and be it further

RESOLVED, that, without limiting the foregoing, the Board and the Requisite Members have reviewed and considered the terms of that certain Senior Secured Debtor-In-Possession Credit Agreement to be entered into by and among the Parent, Elm Park Capital Management, LLC, as administrative agent, and the lenders from time to time party thereto (the "Lenders"), in substantially the form attached hereto as Exhibit A (together with all exhibits, schedules and annexes thereto, as the same may be amended, restated, modified or supplemented from time to time, the "Credit Agreement"), and hereby deem it advisable and in the best interest of Parent, each Company and their respective creditors, interest holders, and other parties in interest for the Parent to enter into the Credit Agreement and perform its obligations thereunder, including, without limitation, to grant a security interest in and lien upon all of the Parent's existing and after-acquired assets for the benefit of the Lenders; and be it further

RESOLVED, that the form, terms and provisions of, and the transactions contemplated by, the Credit Agreement, including all exhibits and schedules thereto, be, and hereby are, authorized, ratified and approved in all respects; and be it further

RESOLVED, that Authorized Officers be, and each of them hereby is, authorized and empowered to execute and deliver the Credit Agreement, including all exhibits and schedules attached thereto, and any amendments thereto or modifications thereof, in the name and on behalf of the Parent, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Officer executing the same shall approve (the execution and delivery thereof by any such Authorized Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes), the execution and delivery thereof by any such Authorized Officer to be conclusive evidence that the same has been authorized, approved and ratified by the Board and the Requisite Members; and be it further

RESOLVED, that, in connection with the Credit Agreement, the Board and the Requisite Members hereby deem it advisable and in the best interest of Parent, each Company and their respective creditors, interest holders, and other parties in interest for each Company enter into any Loan Documents (as defined in the Credit Agreement) (each a "Loan Document" and together, collectively, the "Loan Documents") to which each Company is or may become party, and to perform the obligations of each Company thereunder, including, without limitation, to grant a security interest in and lien upon each Company's existing and after-acquired assets for the benefit of the Lenders, and to guarantee the performance of the obligations of the Parent under the Credit Agreement and the other Loan Documents; and be it further

**RESOLVED**, that Authorized Officers be, and each of them hereby is, authorized and empowered to execute and deliver, in the name and on behalf of the Parent or each Company, as applicable, any and all Loan Documents to which the Parent or each Company is or will be a party, including, but not limited to, all notes, fee letters, mortgages, account control agreements, collateral assignments, intellectual property security agreements, any letter of credit applications, joinder agreements, and all other documents, certificates, instruments and agreements executed in connection with the foregoing and delivered to, or in favor of, the applicable persons or entities in connection with the Credit Agreement and the other Loan Documents, as applicable, and any and all other pledges, powers of attorney, consents, certificates, contracts, notices, letters of credit, and other agreements, whether heretofore, now or hereafter executed by or on behalf of the Parent or each Company, as applicable, and delivered to or in favor of the applicable persons or entities in connection with the Credit Agreement and the other Loan Documents, and any amendments thereto or modifications thereof (collectively, the "Related Financing Documents"), in such forms as the Authorized Officer executing the same shall approve, and to cause the Parent and each Company, as applicable, to perform all of its obligations under the Loan Documents and the Related Financing Documents, the execution and delivery thereof by any such Authorized Officer to be conclusive evidence that the same has been authorized, approved and ratified by the Board and the Requisite Members; and be it further

**RESOLVED**, that, without limiting the foregoing, in connection with the Chapter 11 Case, that the Authorized Officers are, and any one of them acting alone is, hereby authorized and empowered to enter into, in the name and on behalf of the Parent or each Company, as applicable, a restructuring support agreement among the applicable debtors and other parties thereto, on such terms and conditions as are deemed necessary or advisable by any Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval and determination; and be it further

**RESOLVED**, that, without limiting the foregoing, the Authorized Officers are, and any one of them acting alone is, hereby authorized, empowered and directed, in the name and on behalf of the Parent or each Company, as applicable, to take such additional actions, to perform all acts and deed, and to execute, ratify, certify, deliver, file and record such additional agreements, notices, certificates, instruments, applications, payments, letters and documents as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions, and to appoint such agents on behalf of the Parent or each Company, as applicable, as such Authorized Officers, and any of them, may deem necessary or appropriate in connection with any cash collateral use, post-petition financing, or restructuring support agreement, and the transactions contemplated by any of the foregoing, the taking of such action to be conclusive evidence thereof, and be it further

**RESOLVED**, that, without limiting the foregoing, the Authorized Officers are, and any one of them acting alone is, hereby authorized, empowered and directed, in the name and on behalf of the Parent or each Company, as applicable, to (i) prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such other agreements, instruments and documents, including but not limited to all certificates, contracts, bonds, receipts or other papers, (ii) incur and pay or cause to be paid all fees, expenses and taxes, including without limitation,

legal fees and expenses, (iii) engage such persons as they shall in their judgment determine to be necessary or appropriate and (iv) do any and all other acts and things, as he or she deems necessary or advisable to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary or advisable), and the Parent or each Company, as applicable, is each hereby authorized to perform any and all of its obligations under the foregoing; and be it further

**RESOLVED**, that each of the Authorized Officers are authorized, directed, and empowered to perform or cause the performance of the obligations of the Parent or each Company, as applicable, under Chapter 11, and to take all actions as in his, her, or its judgment as are reasonable, expedient, convenient, necessary or proper in connection with the foregoing, the taking of such action by such Authorized Officer to be conclusive evidence of such determination; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements or instruments described in the foregoing resolutions or any action taken or to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions (or the transactions contemplated thereby) shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions, in the name of and on behalf of the Parent or each Company, as applicable; and it is further

**RESOLVED**, that each of the Authorized Officers may, by a written power-of-attorney, authorize any other officer, employee, agent or counsel of the Parent or each Company to take any action and to execute and deliver any agreement, instrument or other document referred to in the foregoing resolutions in place of or on behalf of such Authorized Officer, with full power as if such Authorized Officer was taking such action himself or herself; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or any manager, officer, director, representative, attorney or agent of each Company, the Parent or any of their respective subsidiaries in the name and on behalf of the Parent, each Company, or any of their respective subsidiaries, as applicable, in connection with the transactions contemplated by the foregoing resolutions be, and the same hereby are, ratified, confirmed and approved in all respects as the act and deed of Parent, such Company, or any of their respective subsidiaries, as applicable; and be it further

**RESOLVED**, that this written consent may be executed (a) in any number of counterparts, each of which shall be an original, but all of which together shall constitute one and the same written consent, notwithstanding that the undersigned are not signatories to the original or to the same counterpart and (b) via (i) facsimile transmission or (ii) other electronic transmission which provides an accurate copy of this written consent (collectively, the "Electronic Copy"), which such Electronic Copy shall be deemed an original.

*[Remainder of Page Intentionally Left Blank; Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned have each executed this written consent as of the date first set forth above.

**BOARD OF MANAGERS:**

_____
David J. Mack

**REQUISITE MEMBERS:**

**SEACOAST CAPITAL PARTNERS III, L.P.**

By: Seacoast III Advisors, LLC, its general
partner

By: _____
Name: Timothy Fay
Title: Partner

**REQUISITE MEMBERS:**

**BENEFIT STREET PARTNERS DEBT FUND
IV L.P.**

By: Benefit Street Partners Debt Fund IV
GP L.P., its general partner

By: Benefit Street Partners Debt
Fund IV Ultimate GP Ltd., its
general partner

By: _____

Name: Ira Wishe

Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank
Entertainment Group, LLC]*

**BENEFIT STREET PARTNERS SMA-K L.P.**

By: Benefit Street Partners SMA-K GP L.P.,
its general partner

By: Benefit Street Partners SMA-K
Ultimate GP LLC, its general partner

By: _____

Name: Ira Wisle

Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank
Entertainment Group, LLC]*

54th STREET EQUITY HOLDINGS INC.

By: _____
Name: _____
Title: _____

**BSP TCAP POOLED HOLDINGS LLC**

By: Benefit Street Partners Debt Fund IV
Ultimate GP Ltd., its managing member

By: _____
Name: Ira Wishe
Title: COO of Private Debt

**BSP 3 ACQUISITION HOLDINGS LP**

By: Providence Debt Fund III (Non-US) GP
Ltd., its general partner

By: _____

Name: Ira Wishe

Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank Entertainment Group, LLC]*

**BSP LANDMARK ACQUISITION HOLDINGS LP**

By: BSP-LK Special L.L.C., its general partner

By: _____

Name: Ira Wishe

Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank Entertainment Group, LLC]*

**BENEFIT STREET PARTNERS SMA LM L.P.**

By: Benefit Street Partners SMA LM GP
L.P., its general partner

By: Benefit Street Partners SMA LM
Ultimate GP LLC, its general partner

By: _____

Name: Ira Wishe

Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank
Entertainment Group, LLC]*

**BSP 4 ACQUISITION HOLDINGS 2 LP**

By: Benefit Street Partners Debt Fund IV
(Non-US) GP L.P., its general partner

By: Benefit Street Partners Debt
Fund IV Ultimate GP Ltd., its
general partner

By: _____
Name: Ira Wishe
Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank
Entertainment Group, LLC]*

**PROVIDENCE DEBT FUND III L.P.**

By: Providence Debt Fund III GP L.P., its
general partner

By: Providence Debt Fund III
Ultimate GP Ltd., its general partner

By: _____

Name: Ira Wishe

Title: COO of Private Debt

*[Signature Page to Written Consent of Board of Managers and Requisite Members of Frank
Entertainment Group, LLC]*

## <u>Annex 1</u>
### List of Companies (for which the Parent is Sole Member)

1. Frank Theatres Bayonne/South Cove, LLC, a Delaware limited liability company
2. Frank Management LLC, a Florida limited liability company
3. Frank Theatres, LLC, a Delaware limited liability company
4. Frank All Star Theatres, LLC, a Florida limited liability company
5. Frank Theatres Blacksburg LLC, a Delaware limited liability company
6. Frank Theatres Delray, LLC, a Delaware limited liability company
7. Frank Theatres Kingsport LLC, a Delaware limited liability company
8. Frank Theatres Montgomeryville, LLC, a Florida limited liability company
9. Frank Theatres Parkside Town Commons LLC, a Delaware limited liability company
10. Frank Theatres Rio, LLC, a Delaware limited liability company
11. Frank Theatres Towne, LLC, a Delaware limited liability company
12. Frank Theatres York, LLC, a Delaware limited liability company
13. Frank Theatres Mt. Airy, LLC, a Delaware limited liability company
14. Frank Theatres Southern Pines, LLC, a Delaware limited liability company
15. Frank Theatres Sanford, LLC, a Delaware limited liability company
16. Frank Theatres Shallotte, LLC, a Delaware limited liability company
17. Revolutions at City Place LLC, a Delaware limited liability company
18. Revolutions of Saucon Valley LLC, a Delaware limited liability company
19. Frank Entertainment Rock Hill LLC, a Delaware limited liability company
20. Frank Entertainment PSL, LLC, a Delaware limited liability company
21. Frank Hospitality Saucon Valley LLC, a Delaware limited liability company
22. Frank Hospitality York LLC, a Delaware limited liability company
23. Galleria Cinema, LLC, a Florida limited liability company

## EXHIBIT A

### FORM OF CREDIT AGREEMENT

**See DIP Credit Agreement attached to the DIP Motion**